UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY NICHOLS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AARP, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-06616-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>Re: Dkt. Nos. 31, 41, 46 |

Before the Court are the parties' administrative motions to file documents under seal.[1] (Dkt. Nos. 31, 41, 46.)[2] Defendants seek to file under seal excerpts of their motion to dismiss or, in the alternative, for summary judgment, the motion's supporting declarations and their attached exhibits, as well as excerpts of the reply brief. (Dkt. Nos. 31 & 46.) Plaintiffs seek to file under seal excerpts of the opposition, its supporting declaration and attached exhibits. (Dkt. No. 41.) After careful consideration of the parties' submissions, the Court rules as set forth below.

**DISCUSSION**

**I.  Legal Standard**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Courts generally apply a "compelling reasons" standard when considering motions to seal documents, recognizing that "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 12, & 14.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers placed at the top of the documents.

F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citations omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Under Civil Local Rule 79-5(b), sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law," or "sealable." N.D. Cal. Civ. L.R. 79-5(b). Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *Exeltis USA Inc.*, 2020 WL 2838812, at *1; *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *4-5 (N.D. Cal. June 30, 2015).

## II. Administrative Motions to File Under Seal

### a. Sealing & Rule 56 Motion

Defendants seek to file under seal excerpts from their motion and supporting materials regarding Plaintiffs' personal information, as well as information regarding certain contractual agreements between the parties and other related entities. (Dkt. No. 31 at 2-3.)

Exhibits attached to Ms. VerGow's declaration that contain materials regarding Plaintiffs' personal and financial information satisfy the "compelling reasons" standard and warrant sealing. *See, e.g., Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("[C]ompelling reasons exist to keep personal information confidential to protect an individual's privacy interest[.]"); *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018) ("[C]ompelling reasons exist to seal sensitive personal information such as financial information, medical records and conditions, phone numbers, and addresses.") (citation omitted). So too are excerpts from Mr. Moyer's supporting declaration that reference Plaintiffs' personal information sealable, as well as the attached exhibits to the declaration that Defendants seek to seal. *Id.* Explicit references to

terms and quotations from Defendants' "SHIP Program License and Quality Control Services Agreement" reflect confidential business information and dealings between the parties that are not intended for public disclosure, and therefore warrant sealing. (*See* Dkt. Nos. 31-7, 31-8, 31-9, 31-10, 31-11.) *See Finistar Corp.*, 2015 WL 3988132, at *4; *Exeltis USA Inc.*, 2020 WL 2838812, at *1. Accordingly, excerpts from and references to terms from this agreement—as well as the attached copies of the agreement—are sealable. For these same reasons the attached copy of and excerpts from the Relationship Agreement by and among AARP, ASI, and Optum Services, Inc. is sealable. (Dkt. No. 31-12.) *See Finistar Corp.*, 2015 WL 3988132, at *4; *Exeltis USA Inc.*, 2020 WL 2838812, at *1.

Excerpts from the motion that reference or cite these sealable materials are themselves sealable. However, the motion's summary of trademark law—and its broad observation that "the owner of intellectual property must police its use"—does not warrant sealing because it makes no reference to any agreement's confidential terms, nor does it otherwise reveal compromising confidential information. (Dkt. No. 36-6 at 11.) This applies as well to Defendants' sentence—citing a secondary source and the California Insurance Code—that certain activities are "typical and permissible roles for licensors and group policyholders." (Dkt. No. 31-6 at 29.)

Similarly, Defendants' statement that AARP, Inc. ("AARP") expends "considerable resources" protecting its intellectual property through "quality control measures" along with AARP Services, Inc. ("ASI")— and the mention elsewhere of AARP's "policing of its marks"— describes the parties' conduct, and implicates no sealable or confidential information from any agreement. (Dkt. No. 31-6 at 14, 15 n.6) The motion's statement that AARP chose to license its intellectual property to UnitedHealthcare Insurance Company ("United") in addition to negotiating additional "contractual mechanisms" for its members does not reveal any information regarding the negotiation of those mechanisms or their explicit terms and therefore is not sealable. (Dkt. No. 31-6 at 11.) However, explicit references to and discussion of these "mechanisms" warrant sealing reflect confidential material and warrant sealing. (*Id.*) *See Finistar Corp.*, 2015 WL 3988132, at *4; *Exeltis USA Inc.*, 2020 WL 2838812, at *1.

### b. Sealing & Opposition

Plaintiffs seek to seal excerpts of the opposition, as well as various exhibits attached to its supporting declaration, on the grounds that the material is subject to the parties' protective order, and because the material references documents that Defendants have produced in related litigation, *Gozdenovich v. AARP, Inc., et al.*, Case No. 2:18-cv-02788 (D.N.J), marked "CONFIDENTIAL" under the protective order in that case. (Dkt. No. 41 at 4-5.) Plaintiffs aver that Defendants have stipulated to Plaintiffs' use of the documents marked "CONFIDENTIAL" in *Gozdenovich* in the instant action.

Under the Local Rules of this District, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." N.D. Cal. Civ. L.R. 79–5(d)(1)(A). Moreover, a sealing request must be "narrowly tailored." *Id.* at 79-5(b). "This narrowness has little to do with the brevity of the proposed order and everything to do with the amount of material to which it points." *Larkin v. Home Depot. Inc.*, No. C-13-2868 LB, 2014 WL 5364749, at *2 (N.D. Cal. Oct. 21, 2014). "The rule, and the case law that lies behind it, require a moving party to be parsimonious in choosing the material that it would seal." *Id.*

There is nothing narrow or parsimonious about Plaintiffs' request to seal 28 exhibits in support of its opposition to Defendants' motion. (Dkt. No. 41 at 2.) Some of these exhibits concern deposition testimony in the *Gozdenovich* action; however, sealing requests regarding deposition excerpts must be narrowly tailored, *see Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1021 (N.D. Cal. 2018), *aff'd*, 815 F. App'x 117 (9th Cir. 2020), and "[t]he mere fact that information is nonpublic or designated as confidential does not justify sealing, especially at the summary judgment stage[,]" *id.* Moreover, Plaintiffs' conclusory statement that public disclosure of these exhibits could harm Defendants' privacy and proprietary interests does nothing "to even describe or identify the categories of information at issue and link those categories to *specific* harms that would likely result from [their] public disclosure." *Brice v. Plain Green, LLC*, 372 F. Supp. 3d 955, 987 (N.D. Cals. 2019) (emphasis added).

### c. Sealing & Reply

Defendants seek to seal excerpts of the reply brief that concern or identify sealable material from the motion for summary judgment. (Dkt. No. 46.)

Excerpts regarding AARP's communications that publicize the benefits provided by AARP membership betray no information that sealing seeks to protect. (Dkt. No. 46-4 at 7.) *See Exeltis USA Inc.*, 2020 WL 2838812, at *1. Similarly, mentions of ASI's general communications about the benefits of AARP membership reveal nothing confidential that would permit a competitor to gain insight into Defendants' business strategies, *see In re Qualcomm Litig.*, 2017 WL 5176922, at *2, nor does Defendants' statement that AARP's publication of its member benefits helps United solicit insurance enrollments "downstream." (Dkt. No. 46-4 at 17-18.) Discussion of AARP's "General Program" and its communications reveals nothing about Defendants' "license agreements, financial terms, details of confidential licensing negotiations, [or] business strategies." *Exeltis USA Inc.*, 2020 WL 2838812, at *1. (Dkt. No. 46-4 at 18-19.)

Defendants' observation that "[P]laintiffs invoke a 1980 trust agreement between AARP and AARP [Insurance Plan]" to make an *argument* regarding AARP's solicitation activity simply characterizes a litigation position, and reveals no confidential information between its signatories whose disclosure would risk competitive harm, and therefore is undeserving of seal. (Dkt. No. 46-4 at 19.) Defendants' remaining observations about the now superseded, 40-year old trust agreement implicate no confidential information sealing is designed to protect; however, discussion of United's obligations regarding its Medigap program refers to confidential material and is deserving of seal. (Dkt. No. 46-4 at 19.) Mere mentions of ASI, the "General Program," and AARP's compensation as a percentage of United's premiums do not warrant sealing, nor does Defendants' characterization of and response to Plaintiffs' citations to "draft General Program communications." (*Id* at 19-20.) Defendants may seal information related to the "General Program" to the extent it references or cites sealable material, such as the SHIP Agreement. (Dkt. No. 46-4 at 20.) Defendants' legal arguments spun from the broad proposition that "as is typical for a group policyholder, AARP Insurance Plan collects premiums for United Medigap insurance" do not warrant sealing because they implicate no confidential information deserving of seal.

Similarly, the deposition testimony Defendants cite and seek to seal is sealable only to the extent that it makes explicit reference to the terms of the SHIP Agreement. (*Id.*)

## CONCLUSION

Defendants' first administrative motion to seal is GRANTED in part and DENIED in part. Plaintiffs' administrative motion to seal is DENIED. Defendants' administrative motion to seal in connection to the reply brief is GRANTED in part and DENIED in part.

This Order disposes of Dkt. Nos. 31, 41, 46.

**IT IS SO ORDERED.**

Dated: February 22, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge