UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY NICHOLS, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>AARP, INC., et al.,<br><br>  Defendants. | Case No. 20-cv-06616-JSC<br><br>**ORDER RE: JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 58 |

On February 19, 2021, the Court issued an order granting in part and denying in part the parties' administrative motions to file under seal excerpts of and attachments to their briefs regarding Defendants' motion to dismiss or, in the alternative, for summary judgment. (Dkt. No. 55.)[1] Before the Court is the parties' renewed joint administrative motion to seal excerpts of the parties' briefing, portions of and entire exhibits, as well as portions of the Court's February 19, 2021 summary judgment order. (Dkt. No. 58.) After carefully considering the parties' submission, the Court rules as set forth below.

I.  **Legal Standard**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Courts generally apply a "compelling reasons" standard when considering motions to seal documents, recognizing that "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citations omitted).

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers placed at the top of the documents.

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Under Civil Local Rule 79-5(b), sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law," or "sealable." N.D. Cal. Civ. L.R. 79-5(b). Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *Exeltis USA Inc.*, 2020 WL 2838812, at *1; *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *4-5 (N.D. Cal. June 30, 2015) (party may meet its sealing burden "by showing that the information sought to be withheld creates a risk of significant competitive injury and particularized harm"). With this standard in mind, the Court makes a few observations.

Statements that United's royalty payment to AARP is an expense of the SHIP Program are not sealable—while these reference an agreement between the parties, stating that United pays a royalty under the SHIP Agreement without more reveals no details of negotiations or information that would allow competitors to gain harmful "insight into the parties' business model." *In re Qualcomm Litig.*, 2017 WL 5176922, at *2. It is also at the heart of this lawsuit and others that have been made public. *See, e.g., Levay v. AARP, Inc.*, No. 17-09041 DDP (PLAX), 2018 WL 3425014, at *1 (C.D. Cal. July 12, 2018). Similarly, statements that the royalty expense is factored into the pricing of the Medigap product do not reveal any information whose disclosure would expose AARP or United to competitive harm. Defendants have not shown that other similarly broad statements about their business framework disclose information not generally known and/or that such information will cause them competitive harm.

Statements that mention agreements without actually disclosing any confidential terms in agreements are not sealable. Further, references to the 4.9% royalty amount are not sealable as the amount is already public. Boilerplate statements that a document or email contains highly

2

1  sensitive information are not sufficient to meet Defendants' burden where the sensitive nature is
2  not apparent. For example, Exhibit 18 contains links to publicly available advertisements.
3  Defendants offer no explanation how revealing links to publicly available advertisements, or
4  anything else in the emails, would competitively harm Defendants. (Dkt. No. 58 at 3.) If a party
5  wants to shield from the public documents that were filed in connection with a dispositive motion
6  in federal court it must do more.

**II.     Administrative Motion to File Under Seal**

    **a.     Defendant's Summary Judgment Motion (Dkt. No. 59-1)**

Sealing is GRANTED as to 59-1 at 11:17-24; 59-1 at 14:17-22; 59-1 at 28:22-25; 59-1 at 29:1-3; 59-1 at 29:11-20, n.15, but is otherwise DENIED.

    **b.     Plaintiffs' Opposition (Dkt. No. 59-3)**

Sealing is GRANTED as to 59-3 at 16:7-25; 24:4-6; 24:20-23 (n.7); 25:21-25; 26:27-28; 27:25-26. In all other respects, the motion to seal portions of Plaintiffs' opposition is DENIED.

    **c.     Exhibit 15 (Dkt. No. 59-4)**

Sealing is GRANTED, except for the screenshots of advertisements available through Google Search—they are already public information.

    **d.     Exhibit 16 (Dkt. No. 59-5)**

Sealing is GRANTED.

    **e.     Exhibit 18 (Dkt. No. 59-6)**

Sealing is DENIED.

    **f.     Exhibit 19 (Dkt. No. 59-7)**

Sealing is GRANTED.

    **g.     Exhibit 21 (Dkt. No. 59-8)**

Sealing is GRANTED.

    **h.     Exhibit 23 (Dkt. No. 59-10)**

Sealing is DENIED as to 59-10 at 4:15-5:15; 10:12-15, but is otherwise GRANTED.

    **h.     Exhibit 35 (Dkt. No. 59-11)**

Sealing is GRANTED.

    **i. Exhibit 46 (Dkt. No. 59-12)**

Sealing is GRANTED.

    **j. Exhibit 48 (Dkt. No. 59-13)**

Sealing is GRANTED.

    **k. Exhibit 50 (Dkt. No. 59-14)**

Sealing is GRANTED.

    **l. Exhibit 60 (Dkt. No. 59-16)**

Sealing is GRANTED.

    **m. Exhibit 63 (Dkt. No. 59-17)**

Sealing is GRANTED.

    **n. Exhibit 68 (Dkt. No. 59-18)**

Sealing is GRANTED.

    **o. Exhibit 72 (Dkt. No. 59-20)**

Sealing is DENIED.

    **p. Exhibit 74 (Dkt. No. 59-21)**

Sealing is GRANTED.

    **q. Exhibit 76 (Dkt. No. 59-22)**

Sealing is GRANTED.

    **r. Exhibit 77 (Dkt. No. 59-23)**

Sealing is GRANTED.

    **s. Exhibit 80 (Dkt. No. 59-24)**

Sealing is GRANTED.

    **t. Exhibit 83 (Dkt. No. 59-26)**

Sealing is DENIED as to 59-26 at 6, 91:2-6; 59-26 at 16 249:3-16; 59-26 at 19 252:11-14; 59-26 at 20, 335:1-2; 59-26 at 336:14-18, but is otherwise GRANTED.

    **u. Exhibit 84 (Dkt. No. 59-28)**

Sealing is DENIED.

    **v. Exhibit 85 (Dkt. No. 59-30)**

Sealing is GRANTED.

**w. Exhibit 87 (Dkt. No. 59-31)**

Sealing is GRANTED.

**x. Exhibit 93 (Dkt. No. 59-33)**

Sealing is DENIED.

**y. Exhibit 94 (Dkt. No. 59-35)**

Sealing is DENIED.

**z. Exhibit 97 (Dkt. No. 59-37)**

Sealing is DENIED.

**aa. Exhibit 98 (Dkt. No. 59-39)**

Sealing is DENIED as to 59-39 at ¶ 29(a)-(b); 59-39 at 12 ¶ 39(b), n.27; n.28; 59-39 at 13; and 59-39 at 14 ¶¶ 40(d), but is otherwise GRANTED.

**bb. Sealing & Defendant's Reply (Dkt. No. 59-41)**

Sealing is GRANTED as to 59-41 at 19:14-15; 59-41 at 20:17-19; 23-24 and n.13, but is otherwise DENIED.

**cc. Sealing & Summary Judgment Order (Dkt. No 58-5)**

Sealing is GRANTED as to 58-5 at 10:18:27. In all other respects, the motion to seal portions of this Court's summary judgment order is DENIED. The Court will issue a redacted version of the Order.

## CONCLUSION

For the reasons set forth above, the parties' administrative motion to seal is GRANTED in part and DENIED in part.

This Order disposes of Dkt. No. 58.

**IT IS SO ORDERED.**

Dated: May 17, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge